IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FRED TURNER,                          *
                                      *
        Plaintiff,                    *
                                      *
vs.                                   *   CIVIL ACTION NO. 14-00599-KD-B
                                      *
JACQUELYN CHESTANG,                   *
                                      *
        Defendant.                    *

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1]  In an Order dated February 24, 2015 (Doc. 6), Plaintiff, who is proceeding pro se, was directed to file an amended complaint that set forth the basis for federal jurisdiction.  In response, Plaintiff filed a document containing various disjointed factual allegations, along with a Notice of Federal Tax Lien, and a Certificate of Release of Federal Tax Lien. (Doc. 9 at 2-5). Upon careful review, it is recommended that this action be dismissed without prejudice for lack of federal jurisdiction.

I. **Background**

Plaintiff initiated this action by filing a complaint, which was later amended. (Docs. 1, 3).  As best the Court can discern from Plaintiff's various pleadings, Plaintiff alleges

---

[1]  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

that Jacquelyn Chestang trespassed onto his property, and set up "homestead," that she forged his name on a real estate purchase agreement, and that as a result of her actions, a closing for the sale of his property was cancelled, and he lost $45,000. (Docs. 1, 3).  Plaintiff also asserts claims against Chestang for $14,400 in unpaid rent, defamation, mental anguish, and emotional distress.

In an Order dated February 24, 2015 (Doc. 6), the Court observed that Plaintiff's pleadings did not set forth the basis for federal jurisdiction.  Thus, Plaintiff was directed to file, by March 11, 2015, an amended complaint, which contained a short and plain statement of the grounds for federal jurisdiction. [2] Fed.R. Civ. P. 8(a)(1).  As noted supra, in response to the Court's order, Plaintiff filed a response, which contained disjointed factual assertions, none of which relate to the grounds for federal jurisdiction.  Plaintiff also included information regarding a federal tax lien. (Doc. 9 at 1-4).

**II. Discussion**

A federal court is a court of limited jurisdiction, which is authorized by the Constitution or Congress to hear only

---

[2] Plaintiff was expressly advised that in order to establish federal subject matter jurisdiction, he was required to show the existence of either diversity jurisdiction(pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331).  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)("Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question.")

certain types of actions. Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 2616-17 (2005). Accordingly, in reviewing an action, the court must determine whether it has subject matter jurisdiction. Ashcroft v. Iqbal, 556 U.S. 662, 671, 129 S. Ct. 1937, 1945 (2009) (noting that "subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261-62 (11th Cir. 2000) (raising sua sponte on appeal the issue of whether the case involved a sufficient amount in controversy for diversity jurisdiction). In addition, the inquiry into whether a federal court has subject matter jurisdiction should be done at the "earliest possible stage in the proceedings." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison, 228 F.3d at 1261.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient

standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). And, the plaintiff has the sole responsibility of establishing subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). To do so, the plaintiff must allege facts sufficient to demonstrate the existence of federal jurisdiction and include a short and plain statement of the grounds on which the court has jurisdiction over the action. Kirkland v. Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980).[3]

When a court considers dismissal for lack of subject matter jurisdiction, it accepts the "well-pled facts as true," however; a court "is not required to accept plaintiff's legal conclusions." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260

---

[3] The Eleventh Circuit in Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(11th Cir. 2009) (<u>citing</u> <u>Ashcroft</u>, 556 U.S. at 678-79, 129 S. Ct. at 1949-50); <u>Bell Atlantic Corp., v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007).

In this case, the Court has provided Plaintiff with an opportunity to amend his complaint so as to set forth the basis for federal jurisdiction. Notwithstanding, Plaintiff has failed to demonstrate the existence of federal jurisdiction with respect to his claims. Accordingly, this action is due to be dismissed for lack of federal jurisdiction.

**III. <u>Conclusion</u>.**

Because Plaintiff has been afforded an opportunity to establish grounds for federal jurisdiction, and has failed to do so, the undersigned recommends that this action be dismissed without prejudice for lack of federal jurisdiction.

**<u>Notice of Right to File Objections</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **8th** day of **April, 2015.**

```
        /S/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE
```